IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Criminal Action No. 05-97 |
| | ) |
| LOUIS W. EPERTHENER | ) |

MEMORANDUM

I

The defendant, Louis W. Eperthener, has filed a motion for modification of sentence. (Document No. 13). For the reasons set forth below, the motion will be denied.

II

The history of this case may be summarized as follows:

On April 20, 2005, the defendant appeared before the Court, waived indictment by a grand jury and pleaded guilty to an information in which he was charged with one count of mail fraud, a violation of 18 U.S.C. § 1341, and one count of income tax evasion, a violation of 26 U.S.C. § 7201. The charges arose out of the defendant's employment as the Controller/Chief Financial Officer of American Thermoplastic Company ("ATC") and his use of that position to embezzle substantial sums of money from ATC between April 1997 and August 2001.

On July 21, 2005, the defendant was sentenced to a 2-year term of imprisonment to be followed by 2 years of supervised

1

release.[1] The defendant self-surrendered to the Federal Correctional Institution in Jesup, Georgia on September 7, 2005. He currently is scheduled to be released to a halfway house in West Palm Beach, Florida on April 4, 2007 with a projected release date of June 3, 2007 based on 54 days of Good Conduct Time.

On November 14, 2006, the defendant filed the present motion for modification of sentence to which the government has filed a response.

### III

In his motion for modification of sentence, the defendant requests release to the halfway or home confinement "as soon as possible." In support of the motion, the defendant attached a letter to the Court in which he represents that his current place

---

1. Under the United States Sentencing Guidelines, the defendant's range of imprisonment was 24 to 30 months. At the time of sentencing, the defendant moved for a downward departure from the advisory guideline range, requesting the Court to impose house arrest or community confinement in lieu of imprisonment based on (a) extraordinary acceptance of responsibility, (b) the fact that the embezzled funds were lost in the stock market and did not significantly improve the defendant's lifestyle, (c) the defendant's "long-running, albeit subtle, dedication to helping others," (d) the elapse of nearly four years between the discovery of his criminal conduct and the filing of criminal charges which weighed heavily on the defendant throughout that period, and (e) the defendant's family circumstances, including his status as caregiver to his wife who suffers from depression and has a history of breast cancer. The defendant's motion for a downward departure, which was strongly opposed by the government, was denied by the Court, and he was sentenced to the low end of the guideline range.

of confinement is 350 miles from his home in Port St. Lucie, Florida; that the distance presents difficulties for his wife who struggles with physical disabilities and mental instability; and that a water line in their Florida home recently burst, flooding the house and causing extensive damage and requiring his wife to seek temporary housing nearby.  Based on his wife's situation, the defendant requests the Court to enter an order directing that he be permitted to serve the remainder of his sentence in home confinement or at the halfway house in West Palm Beach, Florida which he currently is not scheduled to enter until April 4, 2007.

As noted by the government, the limited authority of a district court to modify an imposed term of imprisonment is set forth in 18 U.S.C. § 3582(c), which provides:

**§ 3582. Imposition of a sentence of imprisonment**

\* \* \*

**(c) Modification of an imposed term of imprisonment.**-The Court may not modify a term of imprisonment once it has been imposed except that-

**(1)** in any case-

**(A)** the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-

**(i)** extraordinary and compelling reasons warrant such a reduction; or

>    **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
>  and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
>  **(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Turning first to Section 3582(c)(1)(B), the defendant has failed to cite, and the Court is unaware of, any statute expressly permitting the requested modification of the defendant's sentence. Moreover, with respect to Fed.R.Crim.P. 35, (a) no clear error in the sentence imposed upon the defendant has been alleged (in any event, the time for correcting clear errors, *i.e.*, 7 days, has long expired), and (b) there is no claim of substantial assistance in the investigation or

prosecution of another person on which to base a reduction in sentence under this rule.

Similarly, as to Section 3582(c)(2), the defendant has failed to point to, and the Court is unaware of, any amendment to the United States Sentencing Guidelines by the Sentencing Commission which has lowered the sentencing range applied to the defendant in this case.

Finally, regarding Section 3582(c)(1)(A), in order for the Court to reduce an imposed term of imprisonment under this section, the Director of the Bureau of Prisons must file a motion on the defendant's behalf and no such motion has been received by the Court.

Based on the foregoing, there simply is no authority for the Court to modify the sentence imposed on the defendant as requested. Accordingly, his motion for modification of sentence will be denied.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　William L. Standish
　　　　　　　　　　　　　　　　United States District Judge

Date: December 19, 2006